UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-2584-GARBER

UNITED STATES OF AMERICA,

 Plaintiff,

vs.

JORGE VEIGUELA,

 Defendant.
_____/

## ORDER FINDING DEFENDANT PARTIALLY INDIGENT AND GRANTING UNOPPOSED MOTION FOR A COMPETENCY EVALUATION PURSUANT TO 18 U.S.C. 4241

 Defendant Jorge Veiguela appeared before the undersigned Magistrate Judge on the criminal duty calendar for a removal hearing in this case on May 15, 2015. At that time, privately retained defense counsel called the Court's attention to the fact that on May 14, 2015, he had filed an Unopposed Motion For Competency Evaluation, ECF No. [8]. In addition, counsel requested that the Defendant be declared indigent for costs. Based upon an inquiry regarding the Defendant's financial resources, the undersigned determined that the Defendant was partially indigent and that he could afford to pay $1,500.00 toward the cost of a psychological examination.

 For the reasons stated below, the motion is granted, and Dr. Shana Williams shall examine Defendant Jorge Veiguela to determine his competency to stand trial.

 Title 18, United States Code, Section 4241(a), provides that the Court shall order a hearing regarding a defendant's competency to stand trial "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." The Court has the authority to order that a psychiatric or psychological

examination be conducted, and that a report be filed with the court, prior to the date of such hearing.  18 U.S.C. § 4241(b).  This examination, report, and hearing are to be conducted and prepared in accordance with the provisions of 18 U.S.C. § 4247.  18 U.S.C. § 4241(b), (c).

Psychiatric and psychological examinations are governed by 18 U.S.C. § 4247(b), which provides in pertinent part:

> A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner.  Each examiner shall be designated by the court. . . .

Pursuant to 18 U.S.C. § 4247(c), report of examination shall include:

> (1) the person's history and present symptoms;
> (2) a description of the psychiatric, psychological, and medical tests that were employed and their results;
> (3) the examiner's findings; and
> (4) the examiner's opinions as to diagnosis, prognosis, and–
>     (A) . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Based upon a review of the Motion and the record as a whole, and the information provided by counsel at the hearing, the undersigned finds that there is reasonable cause to believe that the defendant may be suffering from a mental disease or defect that may render him incompetent to stand trial.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Defendant JORGE VEIGUELA is partially indigent with respect to the payment of costs; and, shall be required to pay up to $1500.00 to defray the cost of the psychological evaluation he has requested.  It is further

**ORDERED AND ADJUDGED** that the Unopposed Motion to Determine

**Competency to Stand Trial, ECF No. [8], is GRANTED.   Dr. Shana Williams shall evaluate the Defendant to determine his competency to understand the proceedings in this Court, pursuant to 18 U.S.C. §§ 4241, 4247(b).   On or before June 5, 2015, Dr. Williams shall produce a Report to defense counsel and government counsel in accordance with 18 U.S.C. § 4247(c).   The cost for this evaluation is to be borne by the Department of Justice to the extent that it costs more than $1500.00.   See Guide to Judicial Policy & Procedure, vol. 7, chap. 3, § 320.20.60. (Administrative Office of the United States Courts).   The report shall conform to the requirements of 18 U.S.C. § 4247(c), which requires that the report include:**

> **(1) the person's history and present symptoms;**
> **(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;**
> **(3) the examiner's findings; and**
> **(4) the examiner's opinions as to diagnosis, prognosis, and–**
> **(A) . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.**

Once the report is received, the Defendant shall file a copy of the report with the Court under Seal, and submit a copy of the report to the efile box of the undersigned Magistrate Judge.   It is further

   **ORDERED** that this matter is set for a telephonic status and scheduling conference on June 9, 2015, at 10:00 a.m. before the undersigned Magistrate Judge. Counsel for both parties shall call the chambers of the undersigned Magistrate Judge at the designated time, and the call will be transferred into the Courtroom with all parties on the line. The presence of the Defendant is not required.   It is further

   **ORDERED** that the period of delay resulting from the examination of the Defendant and any subsequent judicial proceedings to determine the Defendant's competence shall

**be excluded from the computation of deadlines under the Speedy Trial Act, 18 U.S.C. §**

**3161(h)(1(A).**

**DONE AND ORDERED** in chambers in Miami, Florida, on May 17, 2015.

*Andrea M. Simonton*
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

**Copies to:**

**All counsel of record via CM/ECF**