UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   15-2584-GARBER

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JORGE VEIGUELA,

    Defendant.
_____/

## ORDER FINDING THE DEFENDANT IS INCOMPETENT TO PROCEED AND COMMITTING HIM TO THE CUSTODY OF THE ATTORNEY GENERAL FOR TREATMENT

This matter came before the Court for a hearing regarding Defendant Jorge Veiguela's competency to proceed in the instant matter.   On May 15, 2015, Defendant Jorge Veiguela appeared before the undersigned Magistrate Judge on the criminal duty calendar for a removal hearing in connection with an Indictment returned in the Western District of Louisiana charging attempted transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470.   At that time, privately retained defense counsel called the Court's attention to the fact that on May 14, 2015, he had filed an Unopposed Motion For Competency Evaluation, ECF No. [8].   With the agreement of the parties, the undersigned ordered a competency evaluation to be performed by Dr. Shana Williams, ECF No. [10].

On June 1, 2015, the Psychological Competency Evaluation report prepared by Dr. Williams was filed under seal, ECF No. [11].   A formal competency hearing was held on June 19, 2015, at which time the parties stipulated to the admissibility of the Report, and Dr. Williams testified regarding her findings. The Defendant was present and assisted by court-certified American Sign Language interpreters.   The parties agree that the Defendant is not presently competent to proceed in this matter, and that pursuant to 18

U.S.C. § 4241(d), he must be committed to the custody of the Attorney General "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."  The parties disagree, however, regarding the length of time that will constitute a "reasonable period of time" under the somewhat unique circumstances of this Defendant.  The defense, supported by the opinion of Dr. Williams, contends that ten days is sufficient for the Bureau of Prisons to make this determination; the Government contends that, although four months may not be necessary, a longer period of time than ten days is required.

Title 18, United States Code, Section 4241 governs competency proceedings, and provides, in pertinent part,

> (d) Determination and disposition.--If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility--
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward;  and
>
> (2) for an additional reasonable period of time until--
>
> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed of according to law;
>
> whichever is earlier.

2

> **If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.**

**Based upon the written psychological evaluation performed by Dr. Williams, as well as the testimony presented at the hearing, the undersigned finds by a preponderance of the evidence that the Defendant is presently suffering from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him and unable to assist properly in his defense. Specifically, he suffers from Persistent Depressive Disorder (DSM-5 Code 300.4); Language Disorder (DSM-5 Code 315.39), and Borderline Intellectual Functioning (DSM-5 Code V62.89). His primary problem is linguistic competency, stemming from the fact that he was born deaf and has been isolated within his family for the past 11 years, and is unable to communicate effectively in American Sign Language and understand abstract concepts.**

**Dr. Williams opined that he would likely never become competent to participate in the legal proceedings, but that it would take more than three years to bring his language abilities up to a sufficient level to begin to treat him to understand the legal proceedings. She also opined that, assuming the Bureau of Prisons had adequately trained personnel, they should be able to reach the same conclusion within ten days of initially examining the Defendant. She also opined that removing him from his family would cause deterioration in his present mental health.**

**Based upon the above testimony, and the description of services that could be provided by the Bureau of Prisons, the undersigned finds that, at the present time, the initial evaluation should be able to be completed and an initial report provided within 21 days of the Defendant's arrival at a suitable facility. Therefore, the undersigned will commit the Defendant for a period of time not to exceed thirty days, which may be extended if appropriate.**

**Therefore, pursuant to this section, because the Court has determined that the Defendant is not competent to proceed in this matter, it is hereby**

**ORDERED:**

**1.   Pursuant to 18 U.S.C. § 4241(d), the defendant, Jorge Veiguela, is committed to the custody of the Attorney General, who shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed thirty days, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to proceed.   The undersigned recommends that he be committed either to the medical facility at Butner, North Carolina, or Rochester, Minnesota.   The Defendant is permitted to self-surrender at the designated facility within 14 days from the date he receives notice of the designation. The Defendant shall file a Notice of Designation of Facility once it is received.   If the Bureau of Prisons determines that the Defendant is better treated at an outpatient facility, the undersigned recommends the designation of a facility in either Miami-Dade County or Broward County in Florida.**

**2.   The Government shall provide the designated medical facility with a copy of the psychological evaluation prepared by Dr. Williams, and Dr. Williams shall be available to answer any questions asked by the staff of the medical facility regarding that report. Pursuant to the provisions of HIPAA, this medical information may only be used for the purpose of determining and restoring the defendant's competency in the case at bar.**

**3.   The Attorney General, through the United States Attorney's Office, shall file an initial report concerning the defendant's status and provide copies to counsel of record, within 21 days from the date that he is admitted to the designated facility.**

**4.   The period of time during which the Defendant's competency is being determined pursuant to 18 U.S.C. § 4241, is excludable under the Speedy Trial Act. 18**

4

U.S.C. § 3161(h)(1)(A).

5. The removal hearing is continued until restoration of the Defendant's competency to proceed; and, will be set by further Order at that time.

**DONE AND ORDERED** in Miami, Florida, on June 22, 2015.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
  Counsel of Record
  U.S. Marshals Service